UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY HOTCHKISS and
MARY HOTCHKISS as
co-guardians of J.T., a minor,

                Plaintiffs,

v.                                          Case Number 11-CV-12582
                                                Honorable Thomas L. Ludington

CHRISTINE GARNO, individually and
in her official capacity, and
MERRILL COMMUNITY SCHOOL DISTRICT

                Defendants.
_____/

**OPINION AND ORDER HOLDING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT IN ABEYANCE**

This case presents the question of whether a motion for leave to amend the complaint should be held in abeyance until discovery closes in about a month. The defendants oppose the motion by offering deposition testimony and discovery responses, which they assert demonstrate that the plaintiffs' factual contentions are unfounded. Substantively, the defendants' opposition is that amendment would not survive a motion for summary judgment. Accordingly, the Court will hold the motion in abeyance until the close of discovery in order to give the plaintiffs an opportunity to respond to the factual challenges raised by the defendants.

**I**

On an October afternoon in 2010, Plaintiff J.T., a twelve-year-old seventh grade student, was at football practice at his school, Defendant Merrill Community Schools. Compl. ¶¶ 10–11. Merrill is a chartered public school in Merrill, Michigan. *Id*. ¶ 8. That afternoon, it was hosting a girls' volleyball game. *Id*. ¶ 11. The visiting team used the girls' locker room; the home team

used the boys' locker room. *Id*. ¶ 12. At some point during the afternoon, the visiting volleyball players reported that electronics had been taken from their bags. *Id*. ¶¶ 13, 19.

The complaint alleges that Merrill's principal, Defendant Christine Garno, then called J.T. from the practice field and took him to the teachers' lounge. Compl. ¶ 14. While the two were alone, the complaint further alleges, "Garno instructed J.T. to strip his football jersey, shoulder pads, and over J.T.'s further objection, instructed J.T. to remove his football pants and girdle, thereby requiring J.T. to expose his genitals. . . . J.T. is the only African American player on the football team and no other football player was subjected to a strip search." *Id*. ¶¶ 15, 17.

In June 2011, J.T.'s guardians, Terry and Mary Hotchkiss, brought a four-count complaint on J.T.'s behalf against Garno and Merrill. Counts one through three assert violations of the Michigan constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1981 against Garno. Count four asserts the same claims against Merrill. In June 2011, Defendants answered denying the material allegations as "untrue." Answer ¶¶ 15, 17, ECF No. 7.

In August, the Court entered a scheduling order. ECF No. 10. It orders that discovery closes on March 2, 2012. Dispositive motions are due no later than twenty-eight days later. And trial is scheduled to begin in August 2012.

In October 2011, Plaintiffs informed the Court that they had retained new counsel, when The Mastromarco Firm entered an appearance on their behalf. Following this appearance, in December 2011, Plaintiffs filed the pending motion for leave to amend the complaint. ECF No. 14. Based on the same factual allegations, Plaintiffs seek to add claims for "(1) violations of Title VI of the Civil Rights Act of 1964; (2) violations of Title IX of the Education Amendments of 1972; and (3) violations of 42 U.S.C. §1983." Pls.' Mot. to Amend ¶ 3.

Defendants oppose the motion, asserting the proposed amendments are futile. Citing J.T.'s deposition and Garno's answers to interrogatories, Defendants expound a very different version of what happened that October afternoon. For example, Defendants assert:

> Several witnesses reported seeing the Plaintiff and his [two] companions in the locker room . . . . [A]ll three students were similarly interviewed . . . . This included each of them being requested to display the contents of their backpacks. It was only after the Plaintiff was found to be in possession of the stolen electronic device that the Plaintiff was taken from the football field to the school for further investigation and potential discipline. . . .
>
> The penultimate event relative to the entire case is the so-called "strip search". The Plaintiff has unequivocally admitted, contrary to the allegations of the Complaint and/or proposed Amended Complaint, that he did not expose his genitalia nor did he pull down his football girdle to uncover his anatomy.
>
> The Plaintiff has, in fact, testified that [neither Garno] nor anyone else from the school district searched his person.

Defs.' Resp. 10–11, ECF No. 17. "Any allegations of disparate treatment based upon race or gender," Defendants conclude, are "dispelled by the minor Plaintiff's own sworn deposition testimony . . . [and] are, otherwise, totally obviated by [Garno's] sworn responses to Plaintiffs' Interrogatories." *Id*. 13–14. In substance, as noted, Defendants' opposition shares more in common with a motion brought pursuant to Federal Rule of Civil Procedure 56 than Rule 12(b)(6). For the following reasons, the Court will defer ruling on the motion until discovery closes in about a month.

## II

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the Supreme Court instructs, "he ought to be afforded an opportunity to test his

claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The corollary to this instruction, however, is "that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1124 (6th Cir. 1989) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)); *see Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason — such as . . . futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'").

Significantly, "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman v. West High Sch.*, 132 F.3d 542, 561 (10th Cir. 1997), *quoted in* 35A C.J.S. *Federal Civil Procedure* § 412 (2011); *cf. AM Int'l, Inc. v. Graphic Mgmt. Assoc., Inc.*, 44 F.3d 572, 578 (7th Cir. 1995) (Posner, J.) ("The point can be put more strongly: a judge should not grant a motion to amend the complaint if the grant would merely set the stage for the dismissal of the amended complaint."). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

In *Bauchman*, a student brought suit against her teacher, the school, and its officials, alleging that the teacher promoted religion in his class and that the school and its officials it did not take effective measures to stop him. 132 F.3d at 546. After the trial court granted the defendants' motion to dismiss, the plaintiff moved for reconsideration and for leave to amend the complaint. *Id*. at 547. The court denied the motion for reconsideration, "but held her motion to amend in abeyance pending discovery." *Id*. "Following completion of discovery, [the plaintiff] renewed her motion for leave to amend, electing to stand on the amended pleading proffered

prior to discovery; she did, however, present the district court with numerous affidavits and deposition excerpts to consider in conjunction with the proposed amended complaint." *Id*. The court denied the motion and the plaintiff appealed, arguing that "the district court improperly applied a summary judgment standard when considering her motion to amend." *Id*. at 560. Rejecting the plaintiff's argument, the court of appeals explained that

> the district court thoroughly considered [the plaintiff] amended complaint together with any support for her allegations from the affidavits, deposition transcripts and exhibits presented by both parties, and after such review concluded [the plaintiff] still failed to state a claim . . . . A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. . . . As such, the district court did not abuse its discretion by denying [the plaintiff] motion for leave to amend as futile.

*Id*. at 561–62 (citing *AM Int'l*, 44 F.3d at 578). Thus, the court of appeals expressly approved of denying a motion to amend because the proffered claims could not withstand a motion for summary judgment. And the court tacitly approved of the district court's holding the motion in abeyance to allow the opportunity for a more fully developed record to rule on.

In this case, discovery closes on March 2, 2012. Deferring judgment on the pending motion will not substantially delay the proceedings. And the proposed amended complaint does not raise new factual allegations. Rather, it asserts additional legal bases of relief. Consequently, any risk of prejudice to Defendants will be minimal. In contrast, a risk of prejudice to Plaintiffs exists if the Court does not allow them the opportunity to respond to Defendants' contentions by offering "support for [Plaintiffs'] allegations from the affidavits, deposition transcripts and exhibits." *Bauchman*, 132 F.3d at 561.

Therefore, the Court will hold the motion for leave to amend in abeyance until the close of discovery. Additionally, the Court will order supplemental briefing on the motion once discovery has closed.

**III**

Accordingly, it is **ORDERED** that Plaintiffs' motion to amend (ECF No. 14) is held in abeyance until the close of discovery on March 2, 2012.

It is further **ORDERED** that Plaintiffs shall file a supplemental brief addressing Defendants' arguments regarding the futility of amendments on or before March 9, 2012. Plaintiffs' brief shall not exceed fifteen pages. Defendants shall be permitted file a supplemental brief on or before March 16, 2012. Defendants' brief shall not exceed five pages.

It is further **ORDERED** that the hearing scheduled for Tuesday, February 8, 2012, at 2:00 p.m. is cancelled because the parties' papers provide the necessary factual and legal information to decide the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

Dated: January 26, 2012

            s/Thomas L. Ludington
            THOMAS L. LUDINGTON
            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2012.

         s/Tracy A. Jacobs
         TRACY A. JACOBS